# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LOUIS VUITTON MALLETIER,

      Plaintiff,

vs.

LISA-MILLENNIUM TRADING COMPANY
a/k/a MILLENNIUM2099.COM a/k/a
OTK16789, AN INDIVIDUAL, BUSINESS
ENTITY, OR UNINCORPORATED
ASSOCIATION,

                                      /

      Defendant.

_____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Louis Vuitton Malletier ("Plaintiff" or "Louis Vuitton"), hereby sues Defendant Lisa-Millennium Trading Company a/k/a millennium2099.com a/k/a otk16789, an Individual, Business Entity, or Unincorporated Association identified in the above caption ("Defendant"). Defendant is promoting, offering for sale, selling, and/or distributing goods bearing and/or using counterfeits and confusingly similar imitations of Louis Vuitton's trademarks within this district through its Internet based e-commerce store operating under the seller name, Lisa-Millennium Trading Company a/k/a millennium2099.com a/k/a otk16789 (collectively the "E-commerce Store Name"). In support of its claims, Louis Vuitton alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Louis Vuitton's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendant is subject to personal jurisdiction in this district, because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district through at least, the e-commerce store accessible and doing business in Florida and operating under its E-commerce Store Name. Alternatively, based on its overall contacts with the United States, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant is, upon information and belief, a non-resident in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.      Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal place of business located at 2, rue du Pont-Neuf in Paris, France 75034. Louis Vuitton operates boutiques throughout the world, including within this district. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high-quality goods under multiple world-famous common law and federally registered trademarks, including those identified in Paragraph 14 below. Louis Vuitton offers for sale and sells its trademarked goods within the State of Florida,

including this district, through its boutiques and online retail website. Defendant, through the offer to sell and sale of counterfeit and infringing Louis Vuitton branded products, is directly, and unfairly, competing with Louis Vuitton's economic interests in the United States, including within the State of Florida and causing Louis Vuitton irreparable harm and damage within this jurisdiction.

5.     Like many other famous trademark owners, Louis Vuitton suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendant herein, who wrongfully reproduces and counterfeits Louis Vuitton's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across its e-commerce stores.

6.     To combat the harm caused by Defendant and others engaging in similar conduct, each year Louis Vuitton expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires Louis Vuitton to expend significant resources across a wide spectrum of efforts to protect both consumers and itself from confusion and erosion of the goodwill embodied in Louis Vuitton's brand.

**THE DEFENDANT**

7.     Defendant is an individual, business entity of unknown makeup, or an unincorporated association who, upon information and belief, either resides and/or operates in a foreign jurisdiction and/or redistributes products from the same or similar sources in that location. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant targets its business activities towards consumers throughout the United States, including within

this district, through the operation of, at least, its commercial Internet based e-commerce store under the E-commerce Store Name.

8.      Defendant operates under its E-commerce Store Name in tandem with electronic communication via private messaging applications and/or services.

9.      Defendant is the past and present controlling force behind the sale of products using counterfeits and infringements of Louis Vuitton's trademarks as described herein.

10.     Defendant directly engages in unfair competition with Louis Vuitton by advertising, offering for sale, and selling goods bearing and/or using counterfeits and infringements of one or more of Louis Vuitton's trademarks to consumers within the United States and this district through the e-commerce store using, at least, the E-commerce Store Name, as well as additional e-commerce store or seller identification aliases not yet known to Louis Vuitton. Defendant has purposefully directed some portion of its unlawful activities toward consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Louis Vuitton branded goods into the State.

11.     Defendant has registered, established or purchased, and maintained its E-commerce Store Name. Defendant may have engaged in fraudulent conduct with respect to the registration or maintenance of the E-commerce Store Name by providing false and/or misleading information to the relevant e-commerce platforms where it offers to sell and/or sells.  Defendant has anonymously registered and/or maintained its E-commerce Store Name for the sole purpose of engaging in unlawful infringing and counterfeiting activities.

12.     Defendant will likely continue to register or acquire new e-commerce store names, or other aliases, as well as related payment accounts, for the purpose of offering for sale and/or

selling goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Louis Vuitton's trademarks unless permanently enjoined.

13.     Defendant's E-commerce Store Name, associated payment accounts, and any other alias e-commerce store or seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Louis Vuitton's trademarks are essential components of Defendant's online activities and are one of the means by which Defendant furthers its counterfeiting and infringement scheme and causes harm to Louis Vuitton. Moreover, Defendant is using Louis Vuitton's famous name and/or trademarks to drive Internet consumer traffic to its e-commerce store operating under the E-commerce Store Name, thereby increasing the value of the E-commerce Store Name and decreasing the size and value of Louis Vuitton's legitimate marketplace and intellectual property rights at Louis Vuitton's expense.

<u>**COMMON FACTUAL ALLEGATIONS**</u>

<u>**Plaintiff's Business and Trademark Rights**</u>

14.     Louis Vuitton is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Louis Vuitton Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  | 0,297,594 | September 20, 1932 | IC 018. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 018. Luggage and ladies' handbags. |
|  | 1,519,828 | January 10, 1989 | IC 018. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |

| | | | |
|---|---|---|---|
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 014. Watches and straps for wrist watches.<br><br>IC 016. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br><br>IC 018. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags; travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br><br>IC 024. Travel blankets.<br><br>IC 025. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |
| ✦ | 2,177,828 | August 4, 1998 | IC 014. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches. |

| | | | |
|---|---|---|---|
| | | | IC 018. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br><br>IC 025. Clothing and underwear, namely, ((shirts, )) (( waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, )) shawls, stoles, ((scarves, neckties, pocket squares, )) belts, shoes, boots and sandals. |
|  | 2,181,753 | August 18, 1998 | IC 014. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, cases for watches.<br><br>IC 018. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, |

| | | | |
|---|---|---|---|
| | | | calling card cases, credit card cases, and umbrellas. |
| | | | IC 025. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
| **LOUIS VUITTON PARIS** | 2,346,373 | May 2, 2000 | IC 014. jewelry, namely, rings, belt buckles, cufflinks, bracelets, charms, brooches, necklaces, horological * instruments *, watches, cases for watches. |
| | | | IC 018. Goods made of leather or of imitations of leather not included in other classes, namely, boxes of leather used for travel purposes, hat boxes for travel; trunks, valises, travelling bags, traveling sets for containing cosmetics, garment bags for travel, rucksacks, handbags, beach bags, shopping bags, shoulder bags, briefcases, pouches; fine leather goods, namely, pocket wallets, purses, key cases, card holders, checkbook holders. |
| | | | IC 025. Clothing and underwear, namely, sweaters, shirts, suits, waistcoats, skirts, coats, pullovers, trousers, dresses, clothing jackets, shawls, stoles, scarves, neckties, clothing belts, bathing suits, footwear; head wear and waterproof clothing, namely, raincoats. |
|  | 2,773,107 | October 14, 2003 | IC 014. Jewelry including ((rings,)) ((earrings,)) cuff links, bracelets, ((charms,)) necklaces, ((and medallions;)) horological and chronometric instruments and apparatus, namely, watches. |

| | | | |
|---|---|---|---|
| | | | IC 018. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br><br>IC 025. Clothing, namely, ((shirts, T-shirts,)) belts, scarves, neck ties, shawls, ((skirts,)) raincoats, overcoats, ((trousers, jeans, pullovers, frocks,)) high-heeled shoes, low-heeled shoes, boots, tennis shoes; ((hats)). |
| ✠ ✖ ✠<br>✖ ✛ ✖<br>✠ ✖ ✠ | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases.<br><br>IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, business card cases, credit card cases; umbrellas.<br><br>IC 25. Clothing and undergarments, namely, belts, scarves, shawls, jackets, sashes for wear, shoes, boots. |

| | | | |
|---|---|---|---|
|  | 4,192,541 | August 21, 2012 | IC 09. Sunglasses; spectacles; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, covers, housings, and neck straps.<br><br>IC 14. Jewelry; tie pins; jewelry boxes; watches; watch bands; cases for timepieces.<br><br>IC 16. Printed matter, namely, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery articles, namely, writing books, drawing books, notebooks, covers for diaries, indexes, and pads; office requisites, namely, pencil holders, pen holders, postcards.<br><br>IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; trunks; suitcases; vanity cases sold empty; toiletry bags sold empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases.<br>IC 24. Textiles and textile goods, namely, bath linen, towels.<br><br>IC 25. Clothing, namely, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear. |
|  | 4,911,047 | March 08, 2016 | IC 018: handbags, satchels, wallets, pouches of leather, clutch bags. |

| | | | IC 025: Clothing accessories, namely, belts, footwear, boots and half-boots. |
|---|---|---|---|

The Louis Vuitton Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Louis Vuitton Marks are attached hereto as Composite Exhibit "1."

15.     The Louis Vuitton Marks have been used in interstate commerce to identify and distinguish Louis Vuitton's high-quality goods for an extended period of time.

16.     The Louis Vuitton Marks have been used in commerce by Louis Vuitton long prior in time to Defendant's use of copies of those Marks. The Louis Vuitton Marks have never been assigned or licensed to Defendant in this matter.

17.     The Louis Vuitton Marks are symbols of Louis Vuitton's quality, reputation, and goodwill, and have never been abandoned. Louis Vuitton has continuously used the Louis Vuitton Marks since registration.

18.     The Louis Vuitton Marks are well-known and famous and have been for many years. Louis Vuitton expends substantial resources developing, advertising, and otherwise promoting the Louis Vuitton Marks and products bearing the Louis Vuitton Marks.

19.     Further, Louis Vuitton extensively uses, advertises, and promotes the Louis Vuitton Marks in the United States in association with the sale of high-quality goods and has carefully monitored and policed the use of the Louis Vuitton Marks.

20.     As a result of Louis Vuitton's efforts, consumers readily identify merchandise bearing or sold using the Louis Vuitton Marks as being high quality goods sponsored and approved by Louis Vuitton.

21.     Accordingly, the Louis Vuitton Marks have achieved secondary meaning among consumers as identifiers of high-quality goods.

22.     Genuine goods bearing and/or using the Louis Vuitton Marks are widely legitimately advertised, promoted, and offered for sale by Louis Vuitton, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to Louis Vuitton's overall marketing and consumer education efforts. Thus, Louis Vuitton expends significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies.  Those strategies allow Louis Vuitton and its authorized retailers to educate consumers fairly and legitimately about the value associated with the Louis Vuitton brand and the goods sold thereunder, and the problems associated with the counterfeiting of Louis Vuitton's trademarks.

**Defendant's Infringing Activities**

23.     Defendant is promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Louis Vuitton Marks (the "Counterfeit Goods") through at least the e-commerce store operating under the E-commerce Store Name. Specifically, Defendant is using the Louis Vuitton Marks to initially attract online consumers and drive them to Defendant's e-commerce store operating under its E-commerce Store Name.  Defendant is using identical copies of one or more of the Louis Vuitton Marks for different quality goods. Louis Vuitton has used the Louis Vuitton Marks extensively and continuously before Defendant began offering counterfeit and confusingly similar imitations of Louis Vuitton's merchandise.

24.     Defendant's Counterfeit Goods are of a quality substantially different than that of Louis Vuitton's genuine goods. Defendant is actively using, promoting, and otherwise advertising, distributing, offering for sale, and/or selling substantial quantities of its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Louis Vuitton, despite Defendant's knowledge that it is without authority to use the Louis Vuitton Marks. Defendant's actions are likely to cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendant's goods offered for sale in or through Defendant's e-commerce store are genuine goods originating from, associated with, and/or approved by Louis Vuitton.

25.     Defendant advertises its e-commerce store, including its Counterfeit Goods offered for sale, to the consuming public via the e-commerce store on at least the E-commerce Store Name. In so doing, Defendant improperly and unlawfully uses one or more of the Louis Vuitton Marks without Louis Vuitton's permission.

26.     Defendant is, upon information and belief, employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the Louis Vuitton Marks. Specifically, the Defendant is using counterfeits and infringements of Louis Vuitton's famous name and the Louis Vuitton Marks to make its e-commerce store, which sells unauthorized goods, appear more relevant and attractive to consumers searching for both Louis Vuitton and non-Louis Vuitton goods and information online. By its actions, Defendant is contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Louis Vuitton's genuine goods. Defendant is causing harm to Louis Vuitton and the consuming public by (i) depriving Louis Vuitton and other third parties of their right to compete for space online and within

search engine results fairly and reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Louis Vuitton Marks by viewing inferior products in either the pre or post sale setting, and/or (iii) increasing Louis Vuitton's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Defendant is conducting and targeting its counterfeiting and infringing activities toward consumers, likely causing harm within this district and elsewhere throughout the United States. As a result, Defendant is defrauding Louis Vuitton and the consuming public for Defendant's own benefit.

28.     At all times relevant hereto, Defendant has had full knowledge of Louis Vuitton's ownership of the Louis Vuitton Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendant's use of the Louis Vuitton Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of its Counterfeit Goods, is without Louis Vuitton's consent or authorization.

30.     Defendant is engaging in the above-described unlawful counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Louis Vuitton's rights for the purpose of trading on Louis Vuitton's goodwill and reputation.

31.     Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive consumers, the public, and the trade into believing there is a connection or association between Louis Vuitton's genuine goods and Defendant's Counterfeit Goods, which there is not.

32.     Defendant's payment and financial accounts, including but not limited to the PayPal, Inc. e-mail address, 1430549858@qq.com, are being used by Defendant to accept, receive, and deposit profits from Defendant's trademark counterfeiting and infringing, and unfairly competitive activities connected to its E-commerce Store Name and any other alias e-commerce store names being used and/or controlled by it.

33.     Further, Defendant, upon information and belief, is likely to transfer or secret its assets to avoid payment of any monetary judgment awarded to Louis Vuitton.

34.     Louis Vuitton has no adequate remedy at law.

35.     Louis Vuitton is suffering irreparable injury and has suffered substantial damages because of Defendant's unauthorized and wrongful use of the Louis Vuitton Marks.  If Defendant's intentional counterfeiting and infringing, and unfairly competitive activities are not permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed while Defendant wrongfully earns a substantial profit.

36.     The harm and damages sustained by Louis Vuitton has been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37.     Louis Vuitton hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 36 above.

38.     This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeit and confusingly similar imitations of the Louis Vuitton Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of the Counterfeit Goods.

39.     Defendant is promoting and otherwise advertising, selling, offering for sale and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Louis Vuitton Marks. Defendant is continuously infringing and inducing others to infringe the Louis Vuitton Marks by using one or more of them to advertise, promote, offer to sell and/or sell counterfeit and infringing Louis Vuitton branded goods.

40.     Defendant's counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Counterfeit Goods.

41.     Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Louis Vuitton and are unjustly enriching Defendant with profits at Louis Vuitton's expense.

42.     Defendant's above-described unlawful actions constitute counterfeiting and infringement of the Louis Vuitton Marks in violation of Louis Vuitton's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Louis Vuitton has suffered and will continue to suffer irreparable injury and damages while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44.     Louis Vuitton hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 36 above.

45.     Defendant's Counterfeit Goods bearing, offered for sale and sold using copies of one or more of the Louis Vuitton Marks have been widely advertised and offered for sale throughout the United States via the Internet.

46.     Defendant's Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the Louis Vuitton Marks are virtually identical in appearance to Louis Vuitton's genuine goods. However, Defendant's Counterfeit Goods are different in quality. Accordingly, Defendant's activities are likely to cause confusion among consumers as to at least the origin or sponsorship of its Counterfeit Goods.

47.     Defendant has used in connection with its advertisement, offer for sale, and sale of its Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs which falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Louis Vuitton's detriment.

48.     Defendant has authorized infringing uses of one or more of the Louis Vuitton Marks in Defendant's advertisement and promotion of its counterfeit and infringing branded goods. Defendant has also misrepresented to members of the consuming public that the Counterfeit Goods it has advertised and sold are genuine, non-infringing goods.

49.     Additionally, Defendant is using counterfeits and infringements of one or more of the Louis Vuitton Marks to unfairly compete with Louis Vuitton and others for space within organic and paid search engine and social media results. Defendant is thereby (i) depriving Louis Vuitton of valuable marketing and educational space online, which would otherwise be available to Louis Vuitton, and (ii) reducing the visibility of Louis Vuitton's genuine goods on the World Wide Web and across social media platforms.

50.     Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     Louis Vuitton has no adequate remedy at law and has sustained injury and damages caused by Defendant's conduct. Absent an entry of an injunction by this Court, Louis Vuitton will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages, while Defendant is unjustly profiting.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52.     Louis Vuitton hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 36 above.

53.     This is an action against Defendant based on its promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using marks that are virtually identical to one or more of the Louis Vuitton Marks in violation of Florida's common law of unfair competition.

54.     Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing goods bearing and/or using counterfeits and infringements of one or more of the Louis Vuitton Marks. Defendant is also using counterfeits and infringements of one or more of the Louis Vuitton Marks to unfairly compete with Louis Vuitton and others and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

55.     Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendant's e-commerce store as a whole and all products sold therein by its use of the Louis Vuitton Marks.

56.     Louis Vuitton has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

57.     Louis Vuitton hereby adopts and re-alleges the factual allegations set forth in Paragraphs 1 through 36 above.

58.     Louis Vuitton is the owner of all common law rights in and to the Louis Vuitton Marks.

59.     This is an action for common law trademark infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of its Counterfeit Goods using one or more of the Louis Vuitton Marks.

60.     Specifically, Defendant is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Louis Vuitton Marks.

61.     Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendant's Counterfeit Goods bearing and/or using the Louis Vuitton Marks.

62.     Louis Vuitton has no adequate remedy at law and has suffered and will continue to suffer irreparable injury and damages while Defendant is unjustly profiting due to its above-described activities if Defendant is not permanently enjoined.

## PRAYER FOR RELIEF

63.     WHEREFORE, Louis Vuitton demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a.     Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation

therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell its Counterfeit Goods; from infringing, counterfeiting, or diluting the Louis Vuitton Marks; from using the Louis Vuitton Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Louis Vuitton; from falsely representing themselves as being connected with Louis Vuitton, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Louis Vuitton; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Louis Vuitton, or in any way endorsed by Louis Vuitton and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Louis Vuitton's name or trademarks; and from otherwise unfairly competing with Louis Vuitton.

b.      Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority enjoining Defendant and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Louis Vuitton Marks.

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Louis Vuitton's request, those acting in concert or participation as service providers to Defendant, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Name, through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits and/or infringements of the Louis Vuitton Marks.

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Louis Vuitton's request, any Internet marketplace or social media website operator, administrator, registrar, and/or top level domain (TLD) Registry for the E-commerce Store Name and any other alias e-commerce store names being used by Defendant who are provided with notice of an injunction issued by the Court to disclose to Plaintiff the true identity and contact information, including any e-mail addresses, for the registrant of the E-commerce Store Name.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Louis Vuitton to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses that are used or have been used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits, and/or infringements of the Louis Vuitton Marks.

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority authorizing Louis Vuitton to serve the injunction on the e-commerce store's registrar(s) and/or the privacy protection service(s) for the E-commerce Store Name to

disclose to Louis Vuitton the true identities and contact information for the registrant of the E-commerce Store Name.

g.     Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Louis Vuitton's request, Defendant and the top level domain (TLD) Registry for the E-commerce Store Name, or its administrator, including backend registry operators or administrators, place the E-commerce Store Name, and any other e-commerce store names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Louis Vuitton Marks, on Registry Hold status for the remainder of the registration period for any such e-commerce store, thus removing them from the TLD zone files which link the E-commerce Store Name, and any other e-commerce store names used by Defendant, to the IP address where the associated e-commerce store name is hosted.

h.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority canceling for the life of the current registration or, at Louis Vuitton's election, transferring the E-commerce Store Name and any other e-commerce store names used by Defendant to engage in its counterfeiting of the Louis Vuitton Marks at issue to Louis Vuitton's control so they may no longer be used for unlawful purposes.

i.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing Louis Vuitton to request any service providers, including specifically CloudFlare, Inc., to permanently cease providing any services to the Defendant in connection with any and all e-commerce store names, including but not limited to the E-commerce Store Name, through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits of the Louis Vuitton Marks, and further permanently deleting the E-

22

commerce Store Name from its DNS used for the DoH (1.1.1.1), and identifying the e-commerce store website operating under the E-commerce Store Name as a phishing website based upon Defendant's unlawful phishing activities being conducted via the E-commerce Store Name, including using Louis Vuitton's name and trademarks to falsely represent its e-commerce store operating under its E-commerce Store Name as Louis Vuitton or associated with Louis Vuitton, and wrongfully using the Louis Vuitton Marks in combination with the collection Personally Identifiable Information (PII), including names, addresses, buying information, payment information, and other important data.

j.      Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority that, upon Louis Vuittons's request, requiring Defendant, its agent(s) or assign(s), to instruct WhatsApp LLC in writing, to permanently terminate its WhatsApp accounts associated with Defendant and, if within five (5) days of entry of such order the Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

k.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Louis Vuittons's request, any messaging service, Internet marketplace, and social media website operators and/or administrators who are provided with notice of an injunction issued by the Court, permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks via the e-commerce store name operating under the E-commerce Store Name, and upon Louis Vuitton's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks associated with or linked to the same seller or linked to

any other alias e-commerce store name being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks.

l.       Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendant, its agent(s) or assign(s) to assign all rights, title, and interest, to its E-commerce Store Name, and any other e-commerce store name used by Defendant to Louis Vuitton and, if within five (5) days of entry of such Order Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

m.      Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority requiring Defendant, its agent(s) or assign(s) to instruct in writing all search engines to permanently delist or deindex the E-commerce Store Name and any other e-commerce store names used by Defendant, and, if within five (5) days of entry of such Order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

n.       Entry of an order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendant, its agent(s) or assign(s), to instruct its service providers, including specifically CloudFlare, Inc., to permanently cease providing all services to Defendant and surrender all records in connection with any and all domain names, including but not limited to the E-commerce Store Name, and e-commerce website through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits of the Louis Vuitton Marks,

24

and further, permanently deleting the E-commerce Store Name from its DNS used for the DoH (1.1.1.1), and identifying the e-commerce website operating under the E-commerce Store Name as phishing websites based upon Defendant's unlawful phishing activities being conducted via the E-commerce Store Name, including using Louis Vuitton's name and trademarks to falsely represent its e-commerce store website operating under its E-commerce Store Name as Louis Vuitton or associated with Louis Vuitton, and wrongfully using the Louis Vuitton Marks in combination with the collection Personally Identifiable Information (PII), including names, addresses, buying information, payment information, and other important data and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

o.     Entry of an Order requiring, upon Louis Vuitton's request, Defendant to request in writing permanent termination of any messaging services, e-commerce store names, usernames, and social media accounts they own, operate, or control on any messaging service, e-commerce marketplace, and social media website.

p.     Entry of an Order requiring Defendant to account to and pay Louis Vuitton for all profits and damages resulting from Defendant's trademark counterfeiting and infringing and unfairly competitive activities and that the award to Louis Vuitton be trebled, as provided for under 15 U.S.C. §1117, or that Louis Vuitton be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

q.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Louis Vuitton's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

r.      Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Louis Vuitton's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify, restrain, and surrender all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Name, or other alias e-commerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Louis Vuitton in partial satisfaction of the monetary judgment entered herein.

s.      Entry of an award of pre-judgment interest on the judgment amount.

t.      Entry of an Order requiring Defendant, at Louis Vuitton's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendant's products, including, without limitation, the placement of corrective advertising and providing written notice to the public.

u.      Entry of an Order for any further relief as the Court may deem just and proper.


DATED: November 26, 2025.                  Respectfully submitted,

                                           STEPHEN M. GAFFIGAN, P.A.

                                           By: **Stephen M. Gaffigan**
                                           Stephen M. Gaffigan (Fla. Bar No. 025844)
                                           Virgilio Gigante (Fla. Bar No. 082635)
                                           T. Raquel Wiborg-Rodriguez(Fla. Bar. No. 103372)
                                           401 East Las Olas Blvd., Suite 130-453
                                           Ft. Lauderdale, Florida 33301
                                           Telephone: (954) 767-4819
                                           E-mail: Stephen@smgpa.cloud
                                           E-mail: Leo@smgpa.cloud
                                           E-mail: Raquel@smgpa.cloud

                                           Attorneys for Plaintiff,
                                           Louis Vuitton Malletier